Joseph A. Cox, S.
The testator’s will authorizes his trustees to retain investments owned by the testator at the date of his death and further authorizes investments in ‘‘ nonlegal property, including common stocks, preferred stocks, bonds, debentures, notes or other obligations, either secured or unsecured, as they may deem proper ” at any time when the market value of the nonlegal investments held in the trust shall constitute less than 35% of the market value of the entire trust principal. The will permits such discretionary investment power to be exercised to bring the total market value of nonlegal investments up to 35% of the whole.
This investment power is construed as being in lieu of the statutory investment powers granted by section 21 of the Personal Property Law and not as a grant of authority in addition to the authority conferred upon trustees by that statute. Under such construction the provisions of paragraph (m) of subdivision 1 of section 21 of the Personal Property Law have no application to this will and the definition of “ legal ’’investments applicable to this will is found in paragraphs (a) to (1) inclusive of subdivision 1 of that statute and any other statute classifying particular investments as proper for fiduciary purchase. In determining whether investments on hand at any particular time are legáis or nonlegals, including investments made by the testator and retained pursuant to the authority of the will, the foregoing definition is applicable. With respect to permissible investments made to constitute the limited 35% of nonlegals, the trustees are given complete discretion and are not to be governed by the 35% provision of section 21 of the Personal *921 Property Law but solely by the long-established rules of prudence.
The personal claim, referred to in Schedule E of the account, is allowed. The executors will be authorized to abandon, as worthless, the securities included at “no value ” in amended Schedules A, B-l and H of their account.